[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10934
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-02459-TWT


BRUCE M. SAVAGE,

Plaintiff-Appellant,

versus


GEORGIA DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 20, 2012)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Bruce Savage appeals the district court's grant of summary judgment in

favor of the Georgia Department of Transportation ("GDOT") in his employment

discrimination suit challenging a demotion as improperly based on his race under Title VII, 42 U.S.C. § 2000e-2(a).   On appeal, Savage argues that the court erred in finding that he did not establish a *prima facie* case of race discrimination. First, he argues that he and his comparator were similarly situated because they were both accused of violating GDOT policy.   Second, Savage claims that pretext is evident because, despite committing the same violation, GDOT treated his comparator less harshly.[1]

We review the grant of summary judgment *de novo*, *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008), viewing all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant.   *Id.*

Upon review of the record and consideration of the parties' briefs, we affirm. Savage failed to establish a *prima facie* case of race discrimination because he could not show that his comparator and he were similarly situated.   Specifically, while GDOT demoted the comparator for simple misconduct, it demoted Savage for unfitness to perform assigned duties as team leader and his misconduct.

---

[1] Although one of Savage's claims below alleged that GDOT discriminated against him based on race for its refusal to interview him for another team leader position, on appeal, he explicitly does not pursue his claim.   Accordingly, this claim is abandoned.   *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001).

Evidence showed that Savage and a subordinate had an intimate relationship, which led Savage to permit her working on school work during office hours and caused Savage to yell at the subordinate during an office meeting.   The comparator's misconduct caused no workplace disruption while Savage's misconduct negatively affected his ability to manage a subordinate's work.   Even if Savage had established a *prima facie* case, GDOT articulated legitimate, nondiscriminatory reasons for his demotion, namely, his unfitness to perform his assigned duties and his misconduct for failure to comply with GDOT policy regarding relationships with subordinates.   Savage had not shown that GDOT's proffered reasons were pretextual.   Therefore, the district court did not err in granting summary judgment in favor of GDOT.

**AFFIRMED.**